**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------
SCHNEIDER & MARQUARD, INC.,        :
                                   :
                                   :
         Plaintiff,                :    Civil Action No.
                                   :    07-182 (JLL)
    v.                             :
                                   :
FACIL, LLC,                        :
                                   :
                                   :
         Defendant.                :
---------------------------------------:

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction [Docket Entry No. 2]. Plaintiff opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order denying Defendant's motion.

**BACKGROUND**

On or about December 8, 2006, Plaintiff Schneider & Marquard, Inc. ("Plaintiff" or "S & M") filed a Complaint in the Superior Court of New Jersey against Defendant Facil, LLC ("Defendant" or

"Facil") alleging breach of contract.  S & M, by and through its subdivision, S & M Retaining Rings, is a metal manufacturer with its principal place of business in Fredon, New Jersey.  Facil is in the business of purchasing manufactured automotive parts; its principal place of business is in Auburn Hills, Michigan.

According to the Complaint, in August 2003, Facil requested a quote from S & M regarding the manufacturing of unique metal rings for automotive parts for one of Facil's customers, Visteon Corp., an automotive manufacturer and supplier.  S & M prepared a quote, which included a number of terms: the part numbers, estimated annual usage ("EAU"), the price of the part, the minimum release quantity, and the lead time required between the time of order and the time of delivery.  In April 2004, S & M provided Facil with samples of the manufactured ring.  Shortly thereafter, the parties entered into an agreement whereby S & M would manufacture and supply the specialized metal rings to Facil.

According to S & M, in order to manufacture the specialized rings for Facil, S & M spent about $132,000 updating its equipment and facilities.  Moreover, S & M needed to order metal of a special thickness with considerable advance notice.  Accordingly, S & M committed to a blanket order with its metal supplier in order to be able to manufacture the rings for Facil at the quoted price. According to the Complaint, Facil approved of S & M's ordering of special material to be used in manufacturing the specialized rings.

S & M notified Facil that S & M had to order 40,000 pounds of metal in order to manufacture the specialized rings and that this order would produce approximately 2,300,000 parts. Facil agreed to purchase the 2,300,000 rings, which were to be shipped by S & M to Facil periodically, when Facil requested a release of the product.

S & M and Facil engaged in a course of dealing for approximately a year and a half, whereby S & M manufactured and shipped the rings to Facil pursuant to the parties' agreement and Facil's blanket order. In September 2006, however, Facil informed S & M that, as of the end of November, Facil was ending its contract with S & M as it was also ending its contract with Visteon as a supplier of rings. Thus, Facil informed S & M that it would no longer be accepting shipments of the rings manufactured by S & M.

According to the Complaint, S & M has a significant amount of raw material and rings remaining to supply to Facil. On November 8, 2006, S & M sent Facil a final invoice, which details $67,243.51 worth of product remaining in S & M's inventory based on its agreement with Facil. Facil has refused to purchase this remaining inventory and similarly refuses to pay S & M for the costs it expended in improving its equipment in order to manufacture the specialized rings ordered by Facil. S & M contends that it has attempted to mitigate its damages by trying to sell the raw materials and rings to another supplier, but to date no other

supplier has purchased the items.

Based on the foregoing, S & M alleges that Facil breached its contract with S & M.  S & M further alleges that Facil failed to give proper notice to S & M of its intent to stop purchasing the specialized rings and that Facil acted in bad faith in terminating its blanket order with S & M.  By way of its Complaint, S & M seeks: (1) damages in the amount of $132,000 for recovery of costs it incurred in altering and preparing its equipment in reliance upon Facil's blanket order for the specialized rings; (2) damages in the amount of $67,243.51 for recovery of the current inventory held by S & M; (3) an award of costs and attorneys' fees; and (4) such other and further relief as the Court deems necessary and proper.

Following service of the Complaint, Defendant Facil removed the case to District Court and moved to dismiss for lack of personal jurisdiction.  Facil argues that its contacts with the state of New Jersey are insufficient to subject it to jurisdiction in this forum.  Indeed, Facil asserts that this court may not exercise "general jurisdiction" over Facil because its contacts with New Jersey fall short of the "continuous and systematic" threshold for such jurisdiction.  Facil likewise argues that this court may not exercise "specific jurisdiction" over Facil because, although the controversy arises out of Facil's contract with S & M, a contract alone is insufficient to confer jurisdiction over Facil.

In opposing Facil's motion to dismiss, S & M argues that Facil's contacts with New Jersey have been "continuous and systematic" so as to permit this Court to exercise jurisdiction over Facil. In support of this argument, S & M relies upon the business relationship between the parties since May 2005 and contacts flowing therefrom. S & M points to the fact that S & M manufactured metal rings to Facil's specifications and shipped them to Facil on a regular basis. In addition, S & M notes that Facil paid S & M over $18,000 in 2005 and almost $72,000 in 2006.

Further, S & M argues that this Court may also exercise specific jurisdiction over Facil because Facil engaged in deliberate contact with the forum state by entering into an agreement with S & M in New Jersey for the purchase of unique parts to be manufactured in New Jersey. Moreover, this dispute arises directly out of Facil's contract with S & M. S & M argues that it is fair that issues regarding the contract between S & M and Facil be litigated in New Jersey.

## DISCUSSION

A court may exercise personal jurisdiction over a defendant when there is a valid state law providing for jurisdiction over an individual and when the exercise of jurisdiction is consistent with the requirements of due process. <u>IMO Indus., Inc v. Kiekert AG</u>, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long-arm statute permits a court to exercise personal jurisdiction over

non-residents to the extent permitted by the Due Process Clause of the Fourteenth Amendment. Telcordia Tech. Inc. V. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) (citing Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 508 (1986)). Thus, the first requirement of personal jurisdiction – a valid state law providing for such jurisdiction – has been met. Moreover, because the limits of New Jersey's long-arm statute are coextensive with the limits of the Due Process Clause, we now turn to the requirements of the Due Process Clause.

Due process requires an individual to establish meaningful contacts with the forum state before the individual may be subjected to binding judgments in that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing Int'l Shoe Co. v. Washington, 326 U.S. 319 (1945)). Indeed, a court may assert personal jurisdiction over a defendant when the defendant has maintained "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Telcordia Tech, 458 F.3d at 177 (citing Int'l Shoe, 326 U.S. at 316)).

The United States Supreme Court has held that an individual cannot be haled into a foreign forum for "attenuated" or "random" contacts. Burger King Corp., 471 U.S. at 475(citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984)). However, as long a defendant has "purposefully directed" his or her activities

toward a forum resident, a court may assert personal jurisdiction over the defendant. Id. at 473.

If a defendant has established "continuing obligations" between himself and a party in the forum state, jurisdiction is proper. Id. at 476 (citing Travelers Health Assn. v. Virginia, 339 U.S. 648 (1950)). Personal jurisdiction does not require physical presence in the forum state. Telcordia Tech, 458 F.3d at 177 (citing Burger King, 471 U.S. at 476). Indeed, mail and wire communications can satisfy the requirement of purposeful contacts with the forum state. Id.

An individual must also have fair warning that he or she could be subjected to jurisdiction in a foreign court for activities conducted within the foreign state. Burger King, 471 U.S. at 472 (citing Shaffer v. Heitner, 433 U.S. 186, 218 (1977)). The Supreme Court has held that defendants receive "fair warning" that they could be haled into court in another jurisdiction simply by directing their activities at residents of the forum. Id. at 471.

A court may exercise personal jurisdiction over a nonresident in two circumstances. First, a court may exercise "general jurisdiction" over a defendant if the defendant's contacts with the forum state are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A., v. Hall, 466 U.S. 408 (1984). General jurisdiction may exist even if "the claim does

not arise out of or is unrelated to the defendant's contacts with the forum." <u>Dollar Savings Bank, N.A., v. First Sec. Bank, N.A.</u>, 746 F.2d 208, 211 (3d Cir. 1984).  In order to establish general jurisdiction, the plaintiff must demonstrate that the defendant had "continuous and substantial forum affiliations."  <u>Id.</u> at 212.

Second, "specific jurisdiction" permits a court to exercise personal jurisdiction over a defendant when "the claim is related to or arises out of the defendant's contacts with the forum." <u>Id.</u> at 211.  Assessing whether a court has specific jurisdiction over a defendant requires an analysis of whether the defendant engaged in minimum contacts with the forum state.  <u>Id.</u> at 212. The assessment also requires an analysis of whether the defendant foresaw that his activity and contact with the forum state were "such that he should reasonably anticipate being haled into court there."  <u>Id.</u> (citing <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980)).

### A.  General Jurisdiction

As noted above, in order to exercise general jurisdiction over a nonresident defendant, a court must determine that the defendant's contacts with the forum were "continuous and systematic."  <u>Helicopteros Nacionales de Colombia, S.A., v. Hall</u>, 466 U.S. 408 (1984).  Here, defendant Facil's contacts with S & M in New Jersey over the course of the parties' almost two-year business relationship rise to the "continuous and systematic"

threshold requirement for general jurisdiction.

First, Facil initiated the parties' course of dealing by requesting a quote from S & M regarding the manufacture of unique metal rings. Next, Facil entered into a contract with S & M for the production of the metal rings. This contractual relationship led the parties to communicate via mail and e-mail over the course of many months. In addition, Facil made payments to S & M periodically throughout the parties' business relationship. Facil also accepted shipments of the product from S & M during this period. In light of these continuous and substantial forum contacts, Facil had fair warning that it could be subjected to jurisdiction in New Jersey. Thus, the Court may properly exercise general jurisdiction over Facil.

### B. Specific Jurisdiction

The Court concludes that it may also exercise specific jurisdiction over Facil. The instant controversy arises directly out of Facil's contacts with the forum; <u>i.e.</u>, its contractual relationship with New Jersey-based S & M. Moreover, Facil's contacts with New Jersey extend beyond merely being a party to a contract with S & M in New Jersey. Rather, Facil's contacts with the forum encompass its contract with S & M and all of the communications and other acts flowing out of the contract, <u>i.e.</u>, the entirety of its business relationship with S & M.

Having found that Facil's contacts with New Jersey were

9

"continuous and systematic" for purposes of the general jurisdiction analysis, as discussed above, the Court finds that Facil's contacts clearly meet the lesser, "minimum contacts" requirement for specific jurisdiction.  Moreover, given Facil's business relationship with S & M over the course of many months, Facil should have reasonably anticipated being haled into court here.

Accordingly, the Court is satisfied that it may properly exercise personal jurisdiction – both general and specific – over defendant Facil.  Thus, Facil's motion to dismiss for lack of personal jurisdiction should fail.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant's motion to dismiss for lack of personal jurisdiction [Docket Entry No. 2] be denied.

Respectfully submitted,

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: September 6, 2007**